# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2020

Lyle W. Cayce
Clerk

No. 20-40206
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE GUTIERREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-1545-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jose Gutierrez appeals the 51-month sentence imposed by the district court following his jury conviction for conspiracy to transport an undocumented alien within the United States and transporting and attempting to transport an undocumented alien within the United States for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

financial gain.  According to Gutierrez, the district court erred in imposing an enhancement under U.S.S.G. § 2L1.1(b)(6) based on its finding that the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to the undocumented alien.

We review the district court's interpretation and application of the Guidelines de novo and the district court's factual findings for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020).  The factual findings a district court makes in support of its decision to apply the § 2L1.1(b)(6) enhancement are reviewed for clear error.  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (per curiam).  The clear-error standard is deferential and "only requires a factual finding to be plausible in light of the record as a whole."  *Id.*

In determining whether a § 2L1.1(b)(6) adjustment is warranted, we do not apply bright-line rules but "must engage in a fact-specific inquiry." *United States v. Maldonado-Ochoa*, 844 F.3d 534, 537 (5th Cir. 2016) (internal quotation marks and citation omitted).  In *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006), we provided a nonexhaustive list of five factors to consider when applying the adjustment: "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs."

The district court did not clearly err in overruling Gutierrez's objection to the enhancement based on the factual findings contained in the presentence report.  The alien was instructed to get into a toolbox in the back of Gutierrez's pickup truck.  The toolbox had two locks, one on each end; to open it from the inside, the alien would have had to open one end with his hands and the other end with his feet.  In addition, the space inside the toolbox was limited, and the district court found there was no room for

movement inside the toolbox.  Transporting a person in a manner that significantly hinders his ability to exit the vehicle quickly creates a substantial risk of death or serious injury.  *See id.*; *see also United States v. Rodriguez-Mesa*, 443 F.3d 397, 403 (5th Cir. 2006).  Further, transporting the alien in the toolbox in the bed of the pickup truck created a danger to the alien in the event of an accident, even though no accident actually occurred.  *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir. 2018); *see also Maldonado-Ochoa*, 844 F.3d at 537 (affirming the application of § 2L1.1(b)(6) where the defendant "started to drive with unrestrained persons lying in the bed of his truck," even though he was pulled over as soon as his vehicle began to move and no one was injured).  The district court's finding that Gutierrez's actions created a substantial risk of death or serious bodily injury to the alien is plausible in view of the record as a whole and, therefore, is not clearly erroneous.  *See Rodriguez*, 630 F.3d at 380.

AFFIRMED.